IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                          ORDER

    v.                                   06-cr-119-c-1

MARCEL D. STEVENS,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Marcel D. Stevens's supervised release was held on January 31, 2013, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Paul Connell. Defendant was present in person and by counsel Associate Federal Defender Erika Bierma. Also present was U.S. Probation Officer Shawn P. Robinson.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on October 10, 2006, following his conviction for bank fraud in violation of 18 U.S.C. § 1344. This offense is a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve

a term of imprisonment of 24 months, with a 60-month term of supervised release to follow.

Defendant began his term of supervised release in the Eastern District of Wisconsin on August 1, 2008.

Defendant violated Standard Condition No. 6, requiring him to notify the probation officer at least ten days prior to any change in residence, when on September 12, 2012, he moved to a new residence and failed to notify his supervising probation officer until October 9, 2012, when he noted his new address in his September 2012 monthly report.

Defendant violated Standard Condition No. 2, requiring him to submit a truthful and complete monthly report form, and Standard Condition No. 9, prohibiting him from associating with any person convicted of a felony, when he falsely reported on his September 2012 monthly supervision report hat he had not had contact with anyone having a criminal record, knowing his live-in girlfriend is a felon and under the supervision of the state of Wisconsin.

Defendant violated Standard Condition No. 2, requiring him to submit a truthful and complete monthly report form, and Special Condition No. 2, requiring him to refrain from incurring new charges or opening additional lines of credit, when on June 15, 2010, he obtained a loan of $23,582.95, at 17.99% interest, for a total cost of $35,923, to purchase a sport utility vehicle. Defendant did not have permission to obtain the vehicle loan and did not report the purchase on his monthly report form.

2

Defendant violated the Mandatory Condition prohibiting him from committing another federal, state or local crime, when he was arrested on November 11, 2012 by the Appleton Police Department for operating a motor vehicle while intoxicated - 2nd offense.

Defendant's conduct falls into the category of Grade C violations. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release upon the finding of a Grace C violation.


## CONCLUSIONS

Defendant's criminal history category is I. With Grade C violations, defendant has an advisory guideline range of imprisonment of 3 to 9 months. Under 18 U.S.C. § 3583(e)(3), the statutory maximum to which defendant can be sentenced upon revocation is 36 months because this offense is a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I will order the defendant to be continued on supervised release with the addition of special conditions. The purpose of this sentence is to hold defendant accountable for his violations and to deter him from similar behavior in the future.


## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on October 10, 2006, is continued with the addition of the following special conditions:

Special Condition No. 6: Defendant is to participate in a program of testing to include no more than six urinalysis tests per month and outpatient treatment for drug and alcohol abuse, as approved by his probation officer, until such time as he is released from such program. Defendant shall pay the cost of this program under the guidance and supervision of his supervising probation officer. The defendant is to refrain from the use of all alcoholic beverages throughout the supervised release term.

Special Condition No. 7: Defendant shall participate in the Positive Attitude Development (PAD) program.

All standard and special conditions of supervised release previously imposed shall remain in effect.

Entered this 31st day of January, 2013.

BY THE COURT:

/s/
Barbara B. Crabb
U.S. District Judge